PROB 22
Rev. 05/04

# TRANSFER OF JURISDICTION

DOCKET NUMBER *(Tran. Court)*
0755 2:06CR00151

DOCKET NUMBER *(Rec. Court)*
07CR 764

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Jong Yeon Kim | Northern District Of Indiana | Hammond |

NAME OF SENTENCING JUDGE
Honorable Robert L. Miller, Jr.

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | | |

OFFENSE
RACKETEERING - PROSTITUTION

MAGISTRATE JUDGE COX    JUDGE MORAN

FILED
DEC 03 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
NOV 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

   IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the   Northern District of Illinois   upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_October 23, 2007_
Date

_/s/_
United Sates District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern _____ DISTRICT OF _____ Illinois _____

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _/s/_
DEPUTY CLERK
Date: 11-28-2007

NOV 1 3 2007
Effective Date

_James F. Holderman_
United States District Judge

A TRUE COPY-ATTEST
M. W. DOBBINS, CLERK
BY _/s/_
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: NOV 21 2007

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

06 AUG 24 PM 12: 27

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CAUSE NO. |
| | ) | |
| v. | ) | |
| | ) | 18 U.S.C. § 1952(a)(2) |
| JONG YEON KIM | ) | 18 U.S.C. § 2 |

2:06CR151

## INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

On or about February 1, 2005 through on or about November 30, 2005, in the Northern District of Indiana,

**JONG YEON KIM**

defendant herein, did travel in interstate commerce from Buffalo Grove in the State of Illinois, to Dyer in the State of Indiana, with the intent to promote, manage, establish, and carry on, and to facilitate the promotion, management, and carrying on of an unlawful activity, said unlawful activity being a business enterprise involving prostitution, in violation of Indiana Code 35-45-4-2, and thereafter did perform and attempt to perform acts to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code Section 1952(a)(3) and Title 18, United States Code Section 2.

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: S/SUSAN COLLINS
Susan Collins
Assistant United States Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 11-28-2007

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

06 AUG 24 PM 12:27

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 2:06CR151 JM |
| | ) | |
| JONG YEON KIM | ) | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____ DEPUTY CLERK
Date: 11-28-2007

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Susan Collins, the defendant, Jong Yeon Kim, and Peter Lee as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Jong Yeon Kim, do not have the ability to read, write and speak the English language. My attorney has explained the provisions of the plea agreement to me and I understand the plea agreement in its entirety.

2. I have received a copy of the Information and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered

for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

a. If I persisted in a plea of not guilty to the charge against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Myself and my attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e. At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

f. At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g. In the event that I should be found guilty of the charge(s) against me, I would have the right to appeal my conviction on such charge(s) to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

- a. I will plead guilty to an Information charging me with Traveling in Interstate Commerce to Facilitate Illegal Prostitution Activities in violation of Title 18 United States Code, §1952(a)(3) because I am, in fact, guilty of the offense charged in the Information;

- b. I understand that the maximum possible penalty that may be imposed upon me for my conviction of the offense charged in the Information is a term of imprisonment of not more than five (5) years, a fine of not more than $250,000, or both such fine and imprisonment, a term of supervised release of at least two years (2) years; plus a special assessment of $100.00 in addition to any other penalty imposed (the $100.00 special assessment is due and payable prior to my sentencing hearing);

- c. The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea:

    - i. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two point reduction and the United States will recommend an additional one point reduction in offense level for acceptance of responsibility; however, the government is

-3-

        not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense(s), give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances;

ii.    The United States of America recommends that the Court should impose a sentence upon me equal to the minimum of the applicable guideline range;

iii.   As part of this agreement, I agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives as to my knowledge of or involvement in, any violation of federal or state law; I understand that the nature of my cooperation herein shall be defined by the United States Attorney; this cooperation may include, but not be limited to, my agreement, if requested to do so, to discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney including designated law enforcement agencies, and to testify truthfully and completely before any grand jury, and at any hearings, trials, or other judicial proceedings;

iv.   The United States Attorney further agrees that I will not be prosecuted further by the United States Attorney's Office for the Northern District of Indiana for any violation of federal criminal law occurring in the Northern District of Indiana, the circumstances of which I disclose as part of my cooperation agreement; however, I understand that this agreement does not protect me in any way for committing perjury or giving false statements, nor for testifying falsely in any grand jury or judicial proceedings;

v.    I understand that at the time of sentencing, the United States Attorney will advise the Court of the nature, extent and value of my cooperation;

vi.   Provided I fulfill the terms of this agreement, and do not perform any act or engage in conduct that is inconsistent with my agreement to cooperate or with my acceptance of responsibility for my conduct, the government agrees to file a recommendation of a downward departure from the sentencing guideline range at sentencing; I understand that the decision regarding whether to grant a departure, or the extent of any departure lies within the

-4-

>   discretion of the Court, and that this agreement does not constitute a promise that the judge will grant a departure, or that the judge will impose any particular sentence;
>
>   vii.   I agree to the imposition of a money judgment against me in the amount of $ 8,000.00, which sum represents the dollar amount of proceeds I derived from the offense(s) to which I am pleading guilty. I agree, with respect to the money judgment, to the entry of an order of forfeiture and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.
>
> d. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;
>
> e. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974;

8. I am prepared to state to the Court the facts in this matter that cause me to believe that I am guilty of the Count(s) to which I have agreed to plea guilty, including acknowledging

the following facts:

> I acknowledge and admit that I began working at Sun Spa in early 2005. I would travel from my home in Illinois to Dyer, Indiana for the purpose of managing Sun Spa. I was aware that the women working at the Spa under my management were engaging in acts of prostitution with the customers. I would collect an entry fee from the customers, and would subsequently turn this money over to the owner of the Spa, who I knew had traveled from Illinois in order to collect the proceeds of the business. As manager I would also locate women to work at the spa, knowing they would be engaging in prostitution. These women were generally located in Los Angeles, CA and New York, New York. I would contact the women over the telephone and make arrangements for them to travel to Indiana for the purpose of working in the Spa.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a

public document and available for public viewing.

                                      <u>S/JONG YEON KIM</u>
                                      JONG YEON KIM
                                      Defendant


                                      <u>S/PETER LEE</u>
                                      PETER LEE
                                      Attorney for Defendant

APPROVED:


JOSEPH S. VAN BOKKELEN,

United States Attorney


By:   <u>S/SUSAN COLLINS</u>
       SUSAN COLLINS
       Assistant U. S. Attorney

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed on
or After November 1, 1987)

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Cause No. 2:06 CR 151 |
| | ) | USM No.: 08691-027 |
| JONG YEON KIM, | ) | |
| Defendant | ) | Peter Lee, |
| | | Attorney for Defendant |

**THE DEFENDANT** pleaded guilty to Count 1 of the Information.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count No. |
|---|---|---|---|
| Title 18, § 1952(a)(3) | Travel in Interstate Commerce to Facilitate Illegal Prostitution Activities | November 30, 2005 | 1 |

Defendant is sentenced as provided in pages 2 and 3 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, mailing address, or material change in the defendant's economic circumstances until the restitution and special assessment imposed by this judgment are fully paid.

February 15, 2007
Date of Imposition of Judgment

/S/ James T. Moody
James T. Moody, Judge
United States District Court

February 15, 2007
Date Signed

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 11-28-2007

**Defendant: Jong Yeon Kim**          Judgment - Page 2
**Cause No.: 2:06 CR 151**

## PROBATION

The defendant is hereby sentenced to probation for a term of Two (2) years.

## CONDITIONS OF SUPERVISION

While the defendant is on probation, the defendant shall not commit another federal, state or local crime, shall not unlawfully possess a controlled substance, shall refrain from any unlawful use of a controlled substance, and shall comply with the following standard conditions previously adopted by this Court:

1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or Probation Officer;
2) The defendant shall report to the Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month;
3) The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer;
4) The defendant shall support her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the Probation Officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer;
10) The defendant shall permit a Probation Officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the Probation Officer;
11) The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**Defendant: Jong Yeon Kim**  Judgment - Page 3
**Cause No.: 2:06 CR 151**

13) As directed by the Probation Officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the Probation Officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) The defendant shall pay the restitution and special assessment imposed; and
15) The defendant shall notify the probation officer of any material change in her economic circumstances that might affect her ability to pay any unpaid restitution and special assessment.

In addition, the defendant shall comply with the following special conditions:
1) The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; and
2) The defendant shall be placed on home detention for a period of Six Months, to commence within thirty days. During this time, the defendant shall remain at her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at her place of residence without any "call forwarding", "caller ID", "call waiting" modems, answering machines, cordless telephones or other special services for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the probation officer. The defendant shall pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made based on annual poverty guidelines established by the U.S. Department of Health and Human Services on a sliding scale for monthly co-payment. Changes to the established contractual rate may be made by the probation officer subject to supervisory approval.

## FINE
The Court is imposing no fine because of defendant's inability to pay.

## SPECIAL ASSESSMENT
The defendant must pay to the United States a special assessment of $100.00, which shall be paid in full immediately to the Clerk of this Court.

## DRUG TESTS
The Court determines that the defendant poses a low risk of future substance abuse; therefore, the required drug test within 15 days of placement on probation and minimum of two periodic drug tests thereafter are suspended.

AO 455 (Rev. 5/85)  Waiver of Indictment

# United States District Court

_____ DISTRICT OF _____

UNITED STATES OF AMERICA
V.
JONG YEON KIM

WAIVER OF INDICTMENT

CASE NUMBER: 2:06-CR-151

I, JONG YEON KIM , the above named defendant, who is accused of

Traveling in interstate commerce to facilitate illegal prostitution activities in violation of 18 U.S.C. § 1952(a)(3)

being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court on  August 25, 2006  prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 11-28-2007

_____
Defendant

_____
Counsel for Defendant

Before _____
Judicial Officer